IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.E. et al., | : | |
| | : | |
| Plaintiffs | : | Civil Action No. 1:06-CV-2423 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| CENTRAL DAUPHIN SCHOOL DISTRICT, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Defendant's motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c). (Doc. No. 20.) Both parties have submitted briefs, and the motion is ripe for disposition. For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

On December 18, 2006, Plaintiffs D.E. and his parents brought this action against Defendant Central Dauphin School District ("CDSD") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq. In the action, Plaintiffs seek, inter alia, to recover 10,000 hours of compensatory education, or a monetary equivalent thereof, awarded to D.E. by a hearing officer in an order dated March 23, 2006.[1] On February 12, 2007, Defendant filed an answer to Plaintiffs' complaint.

On July 12, 2007, the parties requested a telephone conference with the Court to discuss a discovery dispute. In the conference, the parties indicated that Plaintiffs served a subpoena upon Defendant requesting certain documents. Specifically, Plaintiffs requested that Defendant

---

[1] After the hearing officer rendered her decision, Defendant initially sought to appeal the decision, but later withdrew the request.

produce:

> All documents relating to contracts between the Central Dauphin School District (CDSD) and teachers employed by the district, all documents relating to the valuation of fringe and employment benefits received by CDSD school teachers including without limitation pension and retirement, all documents relating to the provision and costs of transportation services provided to school students within CDSD, all documents relating to teacher pay and salary, all pay and salary schedules for all teachers employed by the district for the most recent school year.

(Ex. 2, Doc. No. 22-3, at 3.)  Defendant objected to Plaintiffs' request in its entirety.

Following the conference, the Court issued an order permitting Defendant to file a motion for a protective order by July 20, 2007.  That day, Defendant filed the instant motion (Doc. No. 20) and supporting brief (Doc. No. 21.)  On July 24, 2007, Plaintiffs filed a brief in opposition to the motion (Doc. No. 22), to which Defendant filed a reply on July 30, 2007 (Doc. No. 23).

## II. DISCUSSION

Defendant's challenge the Plaintiffs' document request on two grounds.  First, Defendant argues that Plaintiffs improperly served the request as a subpoena pursuant to Federal Rule of Civil Procedure 45 rather than as a request for documents pursuant to Rule 34.  Second, Defendant argues that a protective order is appropriate because the documents requested by Plaintiffs are not discoverable under Rule 26(b).  The Court will address both arguments in turn.

### A. The use of a subpoena as opposed to a request to produce documents

Federal Rule of Civil Procedure 34, which governs the procedure for discovery of documents, provides in part that:

> Any party may serve on any other party a request . . . to produce and permit the party making the request . . . to inspect, copy, test, or sample any designated documents . . . which constitute or contain

>matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.

Fed. R. Civ. P. 34(a).  In addition, Rule 34(c) states that "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."  In this case, Defendant argues that Plaintiffs improperly served a subpoena on Defendant pursuant to Rule 45 instead of propounding a discovery request pursuant to Rule 34(b).  As a technical matter, Defendant is correct.  Practically, however, the difference in the scope of what Plaintiffs may request under Rules 34 and 45 in this case is negligible.  7 James Wm. Moore et al., Moore's Federal Practice § 34.02[5] (3d ed. 2006) ("With respect to their scope, Rules 34 and 45 should be considered coextensive.").  Furthermore, and most importantly, Defendant agreed to construe Plaintiffs' subpoena as a Rule 34 request.  (Doc. No. 22, at 4-5 n.1.)  Accordingly, Defendant's objection to the document request will be overruled.

### B. Discoverability under Rule 26(b)

Federal Rule of Civil Procedure 26(b) provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  In this case, Plaintiffs are seeking documents related to teachers' salaries and benefits in CDSD.  Plaintiffs argue that such documents are relevant because the Hearing Officer awarded D.E. 10,000 hours of compensatory education and because the preferred method of determining

the value of compensatory education requires the Court to assess "the full cost or fair market value of each compensatory education hour by considering what it would have cost the School District to provide that educational service." (Doc. No. 22, at 4.)[2]

Defendant seeks a protective order on the grounds that production of such documents would cause Defendant "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Defendant asserts that regardless of the proper method of valuation, Plaintiffs' document request is unduly burdensome because the Hearing Officer only awarded *reimbursement* for compensatory education, not an up-front monetary award. (Doc. No. 23, at 4.) Indeed, Defendant does not dispute (at least for purposes of the instant motion) that Plaintiffs' discovery request would be appropriate if the Hearing Officer had awarded a monetary award equivalent to 10,000 hours of compensatory education. Under Defendant's view, whatever the value of compensatory education, Plaintiffs must first obtain appropriate services: "The Court need not address the question of the cost of such services until the matter of who must seek out and initially pay for the services is resolved." (Doc. No. 23, at 7.) Thus, Defendant argues that a protective order is necessary because Plaintiffs' discovery request is not relevant to their claim and because such discovery would place an undue burden on Defendant.

Although Defendant seeks immediate resolution on the issue of whether Plaintiffs may "cash-out" the Hearing Officer's compensatory-education award, the instant motion for a

---

[2] Accord In re The Educational Assignment of C.B., Sp. Ed. Op. No. 1122 (Sp. Ed. Due Process Appeals Review Panel of the Commw. of Pa. June 23, 2001) (Doc. No. 22-4) ("Except in unusual circumstances, the cost to a district of providing the awarded hours of compensatory education should not exceed the full cost of the services that were denied. Full costs are the salaries and fringe benefits that would have been paid to the actual professionals and paraprofessionals who should have provided the District services and the actual costs for salaries, tuition and transportation, etc. for compensatory education awarded.").

protective order is not an appropriate vehicle for resolving the issue.  Beyond a showing that discovery would cause them undue burden or expense, Defendant – as the party moving for protection – has an obligation to show "good cause by demonstrating a particular need for protection."  Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 166 (3d Cir. 1993) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).  Here, Defendant simply has not met that burden.

The Third Circuit has held that "'[g]ood cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury."  Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)); see also United States EEOC v. Caesars Entm't, Inc, 237 F.R.D. 428, 432 (D. Nev. 2006) ("A mere showing that the discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c).").  Here, Defendant makes no proffer whatsoever to support a finding that it will suffer a clearly defined and serious injury.  Defendant's briefs do not even hint as to whether fulfilling Plaintiffs' discovery request would impose any burden on Defendant.  Accord Franklin v. GE Capital Assur. Co., No. 02-3359, 2004 U.S. Dist. LEXIS 22842, at *7 (E.D. Pa. Jan. 6, 2004) (denying protective order when movant did not establish "that he will suffer from a 'clearly defined and serious injury' if he is required to comply with the subpoena").  Without good cause, the rules do not permit a protective order.

Furthermore, the Court is not persuaded by Defendant's argument that Plaintiffs' request is not relevant to any of its claims and defenses.[3]  In resolving a discovery dispute, the Court

---

[3] In some respects, Defendant's motion for a protective order under Rule 26(c) is premature.  After Plaintiffs propounded their request under Rule 34, Defendant would have an obligation to "serve a written response within 30 days after the service of the request."  Fed. R.

must focus on the "specific claim or defense alleged in the pleadings." 6 James Wm. Moore <u>et al.</u>, <u>Moore's Federal Practice</u> § 26.41[2][a] (citing Fed. R. Civ. P. 26(b)(1) advisory comm.'s note (2000)). As part of their complaint, Plaintiffs seek an order requiring:

> Defendants to provide D.E. with a compensatory education equal to the entire time period (9 years) as designated by the hearing officer in her decision and designate that a the [sic] compensatory education fund be controlled by Plaintiffs to be used for the benefit of D.E.'s present and future educational and vocational supports [sic] and services.

(Compl. ¶ VII.2.) Assuming for the sake of argument that Defendant is correct that Plaintiffs are not entitled to "cash out" the award, the complaint still contemplates a Court order involving a valuation of the award. The Court could, for example, calculate the monetary value of compensatory education and direct Plaintiffs to seek reimbursement. Thus, because Plaintiffs' request goes toward an accepted method of computing the monetary value of the compensatory-education award, the Court is unable to say that the materials requested by Plaintiffs are not relevant.

**III.   CONCLUSION**

For the foregoing reasons, Defendant's request for a protective order will be denied. An appropriate order follows.

---

Civ. P. 34(b). In its response, Defendant would have an opportunity to state its objection to the request, <u>id.</u>, which in this case relates to relevance, Fed. R. Civ. P. 26(b)(1). After Defendant objected, Plaintiffs would then be entitled to "move for an order under Rule 37(a) with respect to any objection." Fed. R. Civ. P. 34(b). Finally, if the Rule 37(a) motion is denied, or granted in part and denied in part, then a protective order under Rule 26(c) may be appropriate. Fed. R. Civ. P. 37(a)(4)(B)-(C). Even under Rule 45, if Defendant objected, Plaintiffs "may, upon notice to the person commanded to produce, move at any time for an order to compel the production." Fed. R. Civ. P. 45(c)(2)(B).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.E., et al., | : |
|     Plaintiffs | :    Civil Action No. 1:06-CV-2423 |
| | : |
| v. | :    (Chief Judge Kane) |
| | : |
| CENTRAL DAUPHIN SCHOOL DISTRICT, | : |
|     Defendant | : |

## ORDER

**AND NOW**, on this 31st day of March, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion for a protective order and motion to quash subpoena (Doc. No. 20) is **DENIED**.

                                              s/ Yvette Kane
                                              Yvette Kane, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania