IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.E. a minor, on his behalf by his parents, MARIA ENGLISH and RONALD SHEFFY, | : : : : | |
| Plaintiffs | : : | Civil Action No. 1:06-CV-2423 |
| v. | : : | (Chief Judge Kane) |
| CENTRAL DAUPHIN SCHOOL DISTRICT, | : : : : | |
| Defendant | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Movants Yvonne Husic and Spero Lappas, former counsel for Plaintiffs, have filed a motion to intervene in this action. (Doc. No. 54.) Movants "seek to intervene for the sole and limited purpose of litigating their claim for attorney's fees against the Defendant." (Id. ¶ 10.) Defendant has filed a brief in opposition to the motion. (Doc. No. 58.) The Court will deny the motion to intervene.

The relevant facts are not in dispute. Attorney Husic began representing Plaintiffs during the 2005-2006 school year in administrative due process hearings related to Plaintiffs' allegation that Defendant denied D.E. a free appropriate public education. (Doc. No. 56 at 4.) Plaintiffs prevailed at the administrative level and won compensatory education for D.E. (Id.) At the conclusion of the administrative hearings, Attorney Husic submitted a bill to Defendant for her attorney's fees in the amount of $20,875.39. (Doc. No. 58, Ex. A.) Attorney Husic stated that the sum represented her "total bill for the administrative due process hearing." (Id.) Defendant sent Attorney Husic a check for the full amount, which cleared on July 13, 2009. (Id., Ex. B.)

1

Following the administrative proceedings, Attorney Husic filed suit on Plaintiffs' behalf alleging violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Individuals with Disabilities Education Act, the equal protection clause, and substantive due process. (Doc. No. 1.) On May 3, 2007, Attorney Lappas entered his appearance. (Id. ¶ 3.) On March 31, 2009, the Court granted in part and denied in part Defendant's motion for judgment on the pleadings as to all claims with the exception of the Rehabilitation Act and Americans with Disabilities Act claims. (Doc. No. 33.) On February 3, 2010, Attorneys Husic and Lappas filed motions to withdraw, which the Court granted. (Doc. No. 43.) No final determination has been rendered on the Rehabilitation Act or Americans with Disabilities Act claims.

The Third Circuit has advised that:

> [A] non-party is permitted to intervene under Fed. R. Civ. P. 24(a)(2) only if: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, 72 F.3d 361, 365-66 (3d Cir. 1995). The Court is satisfied that Movants are not entitled to intervene at this time.

Movants claim that without their intervention "there is a cognizable threat to the loss of their interest in attorney's fees and costs as a prevailing party for compensatory education." (Doc. No. 56 at 14.) However, Movants currently have no interest in fees. Plaintiffs have, to date, prevailed only on their administrative claims. The only attorney representing Plaintiffs at that stage submitted a "total bill" to Defendant, which Defendant paid. The only attorney's fees

to which Movants may yet be entitled are the fees for Plaintiffs' pending claims.[1] That these claims are unsettled is fatal to the motion to intervene because Movants are only permitted to recover attorney's fees if Plaintiffs are found to be the "prevailing party." 42 U.S.C. § 12205 (permitting the court to award attorney's fees to the "prevailing party" under the Americans with Disabilities Act); 29 U.S.C. § 794a(b) (permitting the court to award attorney's fees to the "prevailing party" under the Rehabilitation Act). In order to be a prevailing party "a party must be 'successful' in the sense that it has been awarded some relief by a court." P. N. v. Clementon Bd. of Educ., 442 F.3d 848, 852-53 (3d Cir. 2006) (quoting Buckhannon Bd. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)).

Therefore, because there has been no final resolution of this case, Movants' claims are unripe and they currently have no legally cognizable interest. See Harris v. Pernsley, 820 F.2d 592, 601 (3d Cir. 1987) (holding that to intervene as of right the movant must articulate a "tangible threat to a legally cognizable interest"). Permitting intervention at this stage would accomplish nothing, other than needlessly complicating a case that has been pending in this Court for nearly four years. If Plaintiffs ultimately prevail, Movants may be entitled to intervene for the purpose of filing a fee petition. Until that time, intervention would be premature.

---

[1] The Court observes that a dispute has arisen over whether the "total bill" that Defendants paid to Attorney Husic following the administrative due process hearing was indeed the full amount she was owed. (Doc. No. 56 at 5-6.) Whatever the merits of this claim for an increase in fees for the due process hearing are, Movants have failed to demonstrate that this is the proper venue in which to seek such an increase. As Defendants note, the Court dismissed Plaintiffs' IDEA claims. (Doc. No. 33.) It is unclear how, as a matter of law, Plaintiffs could be declared the prevailing party on claims that have been dismissed from this litigation. Furthermore, as the IDEA claims have been dismissed it is unclear how any right to attorney's fees for Attorney Husic's representation of Plaintiffs on those claims in the due process hearing could be imperiled by the denial of intervenor status for Attorney Husic at this stage of the litigation.

**ACCORDINGLY**, on this 9th day of December 2010, for the reasons set forth herein, **IT IS HEREBY ORDERED THAT** Movants' motion to intervene (Doc. No. 54) is **DENIED WITHOUT PREJUDICE.**

          S/ Yvette Kane
          Yvette Kane, Chief Judge
          United States District Court
          Middle District of Pennsylvania